THE STATE OF OHIO, APPELLEE, *v.* MCLAUGHLIN, APPELLANT.

(No. OT-88-6—Decided December 2, 1988.)

*Pamela McKean,* assistant prosecuting attorney, for appellee.

*Michael Sandwisch,* for appellant.

*Per Curiam.* This case comes on appeal from a decision of the Port Clinton Municipal Court and arises from the following relevant facts.

On July 17, 1987, appellant Roy E. McLaughlin was arrested for violations of R.C. 4511.19(A)(3), operating a motor vehicle while under the influence of alcohol, and R.C. 4513.02,

operating an unsafe vehicle. After his arrest, appellant was administered an intoxilyzer test. The BAC verifier test results revealed that appellant had a blood-alcohol concentration of 0.115 grams per two hundred ten liters of breath; appellant was legally intoxicated.

On November 23, 1987, the trial court overruled appellant's motion for a court-appointed expert in the field of analytical chemistry. A jury trial was held on January 12, 1988; McLaughlin was found guilty of violating R.C. 4511.19(A)(3). Appellant was sentenced on March 21, 1988, and subsequently filed a timely notice of appeal. He brings for our consideration the following assignment of error:

"It was prejudicial error for the trial court to deny defendant's request for a court-appointed expert [when] defendant was indigent and the expert could have provided defendant with testimony to establish a defense to his charges and the failure to appoint the court-appointed expert denies the defendant effective assistance of counsel."

Prior to any discussion of appellant's alleged error, this court observes that the proceedings in the case at bar were recorded by means of videotape. Appellant appended a transcribed portion of the hearing on his motion for a court-appointed expert to his brief; a court transcript of this proceeding was also provided. However, both parties to this action also cite to facts which can only be substantiated by reference to the untranscribed videotape.

App. R. 9(A) provided, in material part, at the time of this appeal that:

"* * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, * * * and append such copy of the portions of the transcripts to their briefs."

Lacking a written transcript, only those transcribed portions of the videotape can be considered in reaching our decision. Thus, this court cannot examine allegations by appellant that he was stopped by a State Highway Patrol trooper shortly before his arrest, administered field sobriety tests, and released. Nor can this court, in reaching its decision, review the trial of the defendant. The omitted portions of the record have an effect upon the outcome of the case *sub judice*. Appellate adversaries should therefore be aware that facts derived from a videotaped proceeding and referred to in briefs must be transcribed and appended to said briefs. Otherwise, they cannot be considered in our review.

Appellant contends that he was denied effective assistance of counsel because the trial court refused to appoint an expert to determine whether the defendant's intoxilyzer test was accurate.

A two-step test is employed when considering an allegation of ineffective assistance of counsel:

"First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, 2 O.O. 3d 495, 498, 358 N.E. 2d 623, 627, vacated as to death penalty (1978), 438 U.S. 910.

Appellant, in essence, asserts that McLaughlin, as an indigent defendant, has a right to a court-appointed and state-paid expert in order to prepare an adequate defense to a charge of

violating R.C. 4511.19(A)(3). Thus, when trial counsel failed to obtain a court-appointed expert, he violated an essential duty to his client, this duty being an attorney's obligation to prepare and present an effective defense. We find this argument to be without merit.

Appellant argues that *Columbus* v. *Day* (1985), 24 Ohio App. 3d 173, 24 OBR 263, 493 N.E. 2d 1002, and *Bowling Green* v. *Pero* (Dec. 12, 1986), Wood App. No. WD-86-26, unreported, stand for the proposition that a defendant charged with a violation of R.C. 4511.19 has a right to expert testimony on the issue of the accuracy of his or her intoxilyzer test.

It is well-settled that one accused of a *per se* violation of R.C. 4511.19 may challenge the accuracy of his or her specific test results. *State* v. *Tanner* (1984), 15 Ohio St. 3d 1, 6, 15 OBR 1, 5, 472 N.E. 2d 689, 693-694. In the case before us, appellant's test on the BAC verifier registered a reading of more than 0.10 percent, the legal limit established by the statute. Thus, appellant could utilize evidence consisting of an expert's opinion of the "result that should have been produced by a properly operated and functioning intoxilyzer" based upon the expert's assumptions relating to appellant's weight, type and amount of alcohol consumed, and period of time over which the alcohol was consumed. *Day, supra,* at 175, 24 OBR at 265, 493 N.E. 2d at 1005; *Pero, supra,* at 5-6.

We agree with appellant's asser-tion that an indigent criminal defendant has a right to appointed counsel and, under some circumstances, the right to a transcript at state expense on appeal.[1] *Gideon* v. *Wainwright* (1963), 372 U.S. 335; *Griffin* v. *Illinois* (1956), 351 U.S. 12. See, also, *State, ex rel. Copeland,* v. *Judges* (1981), 67 Ohio St. 2d 1, 2-5, 21 O.O. 3d 1, 1-3, 424 N.E. 2d 279, 280-282 (citing cases). R.C. 2945.39 further provides that a trial court may appoint an expert to be paid at public expense to examine an indigent defendant who enters a plea of not guilty by reason of insanity.[2] However, neither the United States Supreme Court nor the Supreme Court of Ohio has ever expressly set forth specific conditions under which a court must constitutionally provide expert witnesses to an indigent in a criminal proceeding.

Our research discloses one case at the appellate level which deals with this issue. *State* v. *Buckner* (July 24, 1985), Ross App. No. 1112, unreported. We conclude that *Buckner, supra,* is dispositive of the issue presented to this court. In *Buckner,* an indigent defendant, charged with a violation of R.C. 4511.19(A)(3), moved for a "court order advancing money to engage the services of an expert." The trial court denied this motion and Buckner appealed alleging that the trial court's denial of the motion was error. On appeal, the Fourth District Court of Appeals, after a thorough discussion of pertinent case and statutory law,[3] held that:

---

[1] An indigent accused's right to counsel, right to a transcript for appeal purposes, and right to a state-paid psychiatrist are limited by a showing of necessity and, in the case of a transcript, unavailability of alternative means. *Copeland, infra,* at 5, 21 O.O. 3d at 3, 424 N.E. 2d at 282.

[2] See footnote 1.

[3] In *Buckner,* the Fourth Appellate District discusses the conflict in various jurisdictions over this issue. See, generally, Annotation, Right of Indigent Defendant in Criminal Case to Aid of State by Appointment of Investigator or Expert (1970), 34 A.L.R. 2d 1256. See, also, 3 Cook, Constitutional Rights of the Accused (2 Ed. 1986), Section 18:4, at 107 *et seq.* The court fur-

"* * * R.C. 120.33(D) provides, *inter alia*:

" 'Counsel selected by the indigent person or appointed by the court at the request of an indigent person * * * shall be paid by the county and shall receive the compensation and expenses the court approves. * * *'

"The term 'expenses' in R.C. 120.33(D) and R.C. 2941.51(A) is arguably broad enough to encompass funds sought to employ an expert witness, nevertheless, since R.C. 120.33(D) only requires compensation and expenses that 'the court approves,' the matter is still within the discretion of the trial court. Thus, only an abuse of discretion by the trial court in denying appellant's motion for funds to employ an expert witness would require reversal. * * *"

Therefore, even though appellant now contends that an expert was necessary to testify as to the accuracy of his specific intoxilyzer test results, he failed to show any necessity for said expert during the hearing on his motion. In fact, at hearing, trial counsel admitted that the request for an expert was a preliminary matter, *i.e.*, that the expert might tell defendant that there was "nothing he could do to help." Even the federal statute granting indigents the right to government-paid experts does not authorize "fishing expeditions."[4] See *United States* v. *Schultz* (C.A. 8, 1970), 431 F. 2d 907. Thus, the decision of the trial court was not unconscionable, unreasonable, or arbitrary. See *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149 (citations omitted). Appellant has not demonstrated that the trial court abused its discretion.

Moreover, assuming *arguendo*, that trial counsel failed in his essential duty to present an effective defense for his client, his performance, as evidenced by only that portion of the record before us, was not so seriously deficient that it prejudiced appellant's cause. *State* v. *Thompson* (1987), 33 Ohio St. 3d 1, 10, 514 N.E. 2d 407, 417, citing *Strickland* v. *Washington* (1984), 466 U.S. 668, 687. That is, lacking a full transcript of the proceedings below, this court cannot ascertain whether the result of the case at bar would have been different had appellant's motion been granted. Without a complete record of the trial below, we must presume the validity of the lower court proceedings. *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 15 O.O. 3d 218, 400 N.E. 2d 384. See, also, *Bantel* v. *Herbert* (1987), 31 Ohio App. 3d 167, 169, 31 OBR 332, 334, 509 N.E. 2d 981, 983 (videotaped testimony cannot be considered unless transcribed).

The BAC verifier results indicated appellant tested 0.115 grams of alcohol per two hundred ten liters of breath at the time of arrest. The machine used in McLaughlin's test had been properly calibrated on July 13, 1987. Appellant does not specifically challenge either the test or the calibration. Hence, in this instance, we must conclude that appellant's trial counsel presented the best defense possible and appellant was not denied effective assistance of counsel. Accordingly, appellant's sole assignment of error is found not well-taken.

Upon consideration whereof, this court finds that appellant was not prejudiced or denied a fair trial. The judgment of the Port Clinton Municipal

---

ther considers the federal statute, Section 3006A(e)(1), Title 18, U.S. Code, which provides for the appointment of investigative and expert services and concludes that the power granted in this statute is discretionary in nature, that is, the defendant must prove that the expert is necessary to present an adequate defense.

[4] See footnote 3.

Court is affirmed and this cause is remanded to said court for execution of judgment. Costs of this appeal assessed against appellant.

*Judgment affirmed.*

CONNORS, A.R. RESNICK and GLASSER, JJ., concur.