This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Vance Stevens timely appeals his conviction after a trial by jury in Wadsworth Municipal Court on charges of operating a motor vehicle while under the influence of alcohol. We affirm.
 I.
On the evening of December 21, 1997, appellant's car was involved in a single car accident in Harrisville Township, Ohio. Appellant was not at the scene of the accident when Trooper Jeffrey Hirsch arrived at the scene. However, Trooper Hirsch did locate appellant, and requested him to execute a field sobriety test. According to the trooper's testimony at trial, appellant missed several steps in the "walk and turn" portion of the test. Hirsch further testified that appellant's speech was slurred, he had the odor of alcohol on his breath and he admitted to being drunk. No breath or blood alcohol test was performed. The trooper cited appellant for operating an automobile while under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and failure to control the vehicle, a violation of R.C. 4511.202.
At the arraignment the court found appellant to be indigent and appointed counsel for him because, if convicted of operating under the influence, appellant could be incarcerated. Appellant pled not guilty and requested a trial by jury on the operating under the influence charge. Prior to trial, appellant filed a motion for funds for an expert medical witness to assist in his defense. The trial court denied the motion without a hearing, and with no statement of the basis for the denial. The case proceeded to trial before a jury. Trooper Hirsch testified for the state, as did an eyewitness, whose name was not provided to the defense prior to trial. Appellant took the stand in his own defense. The jury found appellant guilty of the operating under the influence of alcohol, and the trial court judge found him guilty of failure to control the vehicle. For the operating under the influence conviction, appellant was sentenced to ninety days in jail, eighty-seven of which were suspended, two years of probation, with a license suspension for one hundred eighty days, and fined $200. He was also fined $50 for the failure to control conviction.
Stevens on appeal assigns as error that (1) the court's denial of funds for an expert medical witness was a violation of his rights to due process, equal protection, and a fair trial, (2) his conviction of operating under the influence was based on insufficient evidence, and (3) the state's failure to disclose to the defense the name and address of a witness should preclude that person's testimony at trial. We will address each assignment of error in turn.
 II. THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION FOR FUNDS FOR MEDICAL EXPERT VIOLATED HIS EQUAL PROTECTION AND DUE PROCESS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS AS WELL AS HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL.
Appellant filed a motion for funds for a medical expert to assist in his defense, and the trial court denied the motion without a hearing or comment.
 When an indigent criminal defendant requests funding for an expert witness, the Ohio Supreme Court has held that
 [d]ue process * * * requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial.
State v. Mason (1998), 82 Ohio St.3d 144, syllabus. Consequently, the trial court's denial of such expert assistance is reviewed under an abuse of discretion standard. Id. at 150. Under this standard, the decision of the trial court will not be reversed unless the court's decision is "unreasonable, arbitrary or unconscionable." State v. Montgomery (1991), 61 Ohio St.3d 410,413.
In his appellate brief, appellant states that he has had a "chronic neurological condition" since his pre-teen years, with resulting poor motor coordination and slurred speech when he is tired, symptoms similar to those of an intoxicated individual. Appellant goes on to offer as an additional explanation for his uncoordinated gait the fact that he has had two serious knee injuries. Even in his appellate brief, it is not clear whether his limp is due to the knee injury or to the "neurological problems which effects [sic] his motor skills." In explaining how the neurological disorder impacts him, appellant goes on to say, "his legs often cause him a great deal of pain, making it very difficult for him to walk without a limp."
 In his motion for funds for an expert witness, appellant was even less specific about his need for expert assistance. In fact, his request simply asks for a "medical expert to testify regarding Defendant's physical and mental conditions." The Supreme Court in Mason said that "due process * * * does not require the government to provide expert assistance to an indigent defendant in the absence of a particularized showing of need." Mason, 82 Ohio St.3d at 150. "[The] defendant must show a reasonable probability that an expert would aid in his defense[.]" State v. Broom
(1988), 40 Ohio St.3d 277, 283. Appellant failed to make such a showing to the trial court. Nor did appellant request a hearing on the motion so that his need could be argued more completely. The trial court need not honor any and all requests by indigent defendants in a "fishing expedition" with the remote hope of uncovering some justification for reasonable doubt. State v. McLaughlin (1988), 55 Ohio App.3d 141, 144. We cannot say that the trial court abused its discretion in denying appellant's request for expert assistance. Therefore, we overrule appellant's first assignment of error.
 III. II. THE EVIDENCE PRESENTED TO TRIAL COURT WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION AND IS THEREFORE CONTRARY TO LAW.
The record before this Court is incomplete due to an apparent problem with the trial court videotape equipment used during the trial. Consequently, the parties and the trial court executed an Agreed Statement of the Evidence, pursuant to App.R. 9(D). We rely on the evidence submitted in that agreed statement as well as the coherent portions of the videotape transcript in considering the issues raised in this appeal.
In his assignment of error, appellant challenges the sufficiency of the evidence at trial. However, in his argument in support of this assignment, he challenges the weight of the evidence. We will address both the sufficiency and the weight of the evidence.
This Court has held that "[t]he test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Pulliam (Dec. 3, 1997), Lorain App. No. 96CA006629, unreported at 6, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 61 L.Ed.2d 560, 573 and Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Thus, in a criminal case, a review of the sufficiency determines whether "the state has met its burden of production at trial."State v. Angle (June 2, 1999), Medina App. No. 2875-M, unreported at 7.
A review of the weight of the evidence, in contrast, determines whether the state has met its burden of persuasion.Id. This Court has observed that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4. Because this Court finds that the conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction.
 When an appellate court reviews the weight of the evidence [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. State v. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported at 9, citing State v. Otten (1986), 33 Ohio App.3d 339,340.
The state was required to prove beyond a reasonable doubt that appellant operated an automobile while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). R.C. 2901.05(A). The state had to prove that appellant was operating the vehicle at the time of the accident, that is, that he was in physical control of the car. R.C. 4511.01(Y). The state was also required to prove that appellant had consumed alcohol, however minimal, which was sufficient to adversely affect or appreciably impair his ability to operate the car. See State v. Bakst (1986), 30 Ohio App.3d 141,146.
 Appellant asserts that certain testimony undercuts the evidence presented by the prosecution on two essential elements, namely whether he operated the car and whether he was under the influence of alcohol.
As to the element of "operating" the evidence was circumstantial. The state produced an eyewitness who testified that he saw appellant leaving the scene of the accident only moments after it occurred. Although the trooper testified that it was very dark at the scene, making identification difficult except at close range, the state's eyewitness testified that he saw appellant at close range shortly after the accident. Furthermore, appellant admitted to the arresting officer that he had operated the car.
As to the "under the influence" element, the state produced evidence that appellant admitted to the trooper that he had been drinking alcohol prior to the accident. Appellant corroborated this testimony. The trooper testified that appellant's breath smelled of alcohol. The trooper testified that he administered the field sobriety test, including the horizontal gaze nystagmus test, which appellant "failed."
Appellant points to the following evidence which tends to undercut the state's evidence. Appellant testified that he had a neurological condition with symptoms similar to those of intoxication. He also testified that he had been drinking only non-alcoholic beer that evening. Appellant explained in court that his admission to driving under the influence was in response to the trooper's threat that if appellant's brother lied about appellant's drinking that evening, that person could go to jail. The trooper acknowledged making such a statement. In addition, the arresting officer testified that the accident scene was consistent with a scenario where a driver has fallen asleep at the wheel. This evidence, if believed, may have raised reasonable doubt, but the evidence was not uncontroverted.
Although the trooper testified that the accident scene was consistent with a scenario where the driver has fallen asleep, this does not preclude the possibility that an intoxicated driver fell asleep at the wheel. The jury may well have dismissed as self-serving appellant's testimony that his admission was made under duress, as well as his testimony that he had consumed only non-alcoholic beer that night. Appellant offered no testimony from eyewitnesses to corroborate his assertion that he consumed no alcohol that night. Indeed, the jury returned questions to the court, including "Why wasn't there witnesses [sic] for the defense, from Mr. Steven's brother's party or Midway Bar?" Appellant explained his poor performance on the field sobriety test as due to his long-standing neurological condition. However, it does not appear from the record that appellant offered any testimony from family or friends to corroborate the assertion that he was ever diagnosed with such a condition.
The jury, as the trier of fact, is charged with considering and weighing the evidence, considering the credibility of witnesses, and drawing reasonable inferences from the evidence before it. State v. Helms (Mar. 24, 1999), Summit App. No. 18940, unreported at 6, citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Great deference will be given to the jury's evaluation of the evidence and of the credibility of the witnesses. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported at 3-4. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." Id. at 4, citing State v. Warren (1995),106 Ohio App.3d 753, 760.
We cannot say that in the instant case the evidence presented weighs heavily in favor of the appellant, such that a manifest miscarriage of justice would result unless a new trial is ordered.State v. Otten, 33 Ohio App.3d at 340. Appellant's second assignment of error is overruled.
 IV. BY PERMITTING THE TESTIMONY OF A WITNESS WHOSE NAME DID NOT APPEAR ON ANY DISCOVERY MATERIALS, DEFENDANT WAS DENIED HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL.
Trooper Hirsch testified that appellant was not at the scene of the accident when the trooper arrived on the scene. The only witnesses subpoenaed for trial, initially and on the several continuances over a period of four months, were the trooper, an individual named Harvey Vinning, and two individuals who lived near the crash site, Jesse Ware and Nattie Baltic. Some twenty days prior to trial, the prosecution subpoenaed one Duane Anderson to testify. The prosecution never shared his name with defense counsel. Mr. Anderson testified at trial that at the time of the accident he was living with Mr. Ware and his wife. He also testified that he saw appellant leaving the scene of the accident moments after it occurred.
 Despite the poor quality of the videotaped transcript of the trial, it is apparent that appellant objected to the court's admission of the testimony of this "surprise witness." The judge called a side bar, after which he overruled the objection to the testimony and the witness proceeded to testify. It is not clear from the record before this Court whether appellant's counsel requested a continuance in order to afford him the opportunity to investigate the proffered testimony. No continuance was granted. The witness was allowed to testify for some fifteen minutes, after which the trial court called a lunch recess.
There is nothing in the record to indicate that appellant made the requisite motion for the court to order the prosecution to produce a list of witnesses it intended to call. Crim.R. 16(B)(1)(e). Assuming, arguendo, that the provisions of Crim.R. 16 still apply, when the state withholds the name of a witness from defense counsel, Crim.R. 16(E) provides that the court may order further discovery, grant a continuance, or prohibit the testimony of that witness. The Ohio Supreme Court has held that such testimony is admissible only if it is shown that the failure to disclose the witness's identity was not willful, that foreknowledge would not have benefited the defendant, and that the defendant was not prejudiced by the admission of the evidence.State v. Heinish (1990), 50 Ohio St.3d 231, syllabus.
Appellant admits that the prosecution's nondisclosure was not willful. However, he contends that he was prejudiced because he had no opportunity to interview the witness or investigate his claimed testimony. We find this argument to be without merit.
Although appellant did not know in advance that Mr. Anderson would testify, it is clear from the record that Mr. Ware had been scheduled to testify at trial. On May 28, 1998, Mr. Ware failed to show for trial, and the trial was continued. From the record it would seem reasonable to assume that by the July 7, 1998 trial, appellant knew that Mr. Ware was an intended witness. Any query of Mr. Ware would have revealed that: (1) Mr. Anderson resided in the Ware household at the time of the accident; (2) Mr. Anderson was at the scene of the accident moments after it occurred; and (3) Mr. Anderson had spoken with the driver who was fleeing the scene. Thus, it is dubious that foreknowledge of Mr. Anderson's identity could not have been gathered by a reasonable pretrial investigation of the known prosecution witnesses.
 Mr. Anderson was the sole eyewitness who testified that appellant was fleeing the scene of the accident. This testimony would tend to support the prosecution's requisite showing that appellant was operating the vehicle. In fact, appellant argues that this is the only evidence that tied him to the scene of the accident, and as such was highly prejudicial. However, this assertion is without merit.
Appellant himself testified that he admitted to the trooper that he had operated the vehicle that night. The trooper also testified that while he was at the accident scene gathering information, a car approached the scene and slowed down. When the trooper looked up, the car pulled away. However, the trooper saw the passenger in the car. This man was wearing a leather jacket matching that worn by an individual leaving the scene of the accident, as described to the police by Anderson and another eyewitness. The trooper followed the car to appellant's home, the same address listed for the accident vehicle in the computer registry which the trooper had already accessed. Thus, testimony by the trooper and by appellant himself tended to establish that appellant was the operator of the vehicle at the time of the accident. Consequently, we cannot say that the contested testimony prejudiced appellant.
The prosecution's failure to disclose was not willful, the foreknowledge would not have benefited appellant, and appellant was not prejudiced by the testimony; accordingly, the trial court did not err by admitting the challenged testimony. Heinish,supra.
We find appellant's third assignment of error not well taken, and we overrule it.
Having overruled appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Wadsworth Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J.
CARR, J.
CONCUR