DECISION AND JUDGMENT
{¶ 1} Defendant-appellant, Jeff A. Ammann, appeals the November 13, 2007 judgment of the Ottawa County Municipal Court, in which defendant, upon entering a no contest plea, was found guilty of operating a motor vehicle while intoxicated, in violation of R.C. 4511.19(A)(1)(a), and was sentenced. For the reasons that follow, we affirm the lower court's judgment. *Page 2 
 {¶ 2} A brief recitation of the facts is as follows. On October 23, 2006, appellant was charged with operating a motor vehicle while intoxicated ("OMVI"). On June 25, 2007, appellant filed a motion to retain expert witness. Said motion was summarily denied. On October 12, 2007, appellant entered a no contest plea to the OMVI charge and on November 13, 2007, appellant was sentenced to 180 days imprisonment with 90 days suspended on the conditions that appellant commit no similar offense for a period of two years and that he complete an alcohol evaluation and subsequent program. Appellant was also ordered to pay a $750 fine and court costs. Appellant timely appealed and raises the single following assignment of error for our review:
 {¶ 3} "I. The trial court committed prejudicial error in denying appellant an expert witness at the state's expense."
 {¶ 4} Specifically, appellant contends that he had a right to hire an expert witness, at state expense, to testify regarding blood alcohol levels and hypothermia.
 {¶ 5} This court addressed a similar issue in State v. McLaughlin
(1988), 55 Ohio App.3d 141. We held that the appointment of an expert at state expense was a matter within the discretion of the trial court. Id. at 144, citing State v. Buckner (July 24, 1985), 4th Dist. No. 1112. We further held that unless the defense can prove that the expert is necessary to prepare an adequate defense, the only way we could grant a reversal would be if the trial court abused its discretion. Id. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. *Page 3 
 {¶ 6} Here, appellant's request for the state to appoint an expert does not approach showing necessity. The request does not explain what testimony the expert could offer or how such testimony would be able to help appellant. In addition, the lack of showing by appellant as to the importance of the requested expert testimony indicates that the trial court was not unreasonable, arbitrary, or unconscionable in its denial and that it did not abuse its discretion or prejudice appellant's case. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 7} Of consideration whereof, the court finds that appellant was not prejudiced or denied a fair trial. The judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1