[Cite as *State ex rel. Steinle v. Dewey*, 2015-Ohio-3618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio, ex rel., Garrette P. Steinle          Court of Appeals No. S-15-016

       Relator

                                       **DECISION AND JUDGMENT**

v.

Judge John P. Dewey          Decided: September 2, 2015

       Respondent

* * * * *

Joseph F. Albrechta, John A. Coble, and George J. Schrader, for relator.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for respondent.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This case is before the court as an original action in mandamus. Relator,

Garrette P. Steinle, requests a writ from this court ordering respondent, Judge John P.

Dewey of the Sandusky County Court of Common Pleas, to vacate his order denying relator's request for findings of fact pursuant to Civ.R. 56(D) and to issue findings of fact consistent with the undisputed facts as presented in *Steinle v. Steinle*, Sandusky County Common Pleas case No. 11 DR 354 ("*Steinle*"). Respondent has filed a motion to dismiss.

{¶ 2} The facts as alleged in relator's complaint are as follows. On April 5, 2011, Julie Steinle filed a complaint for divorce against relator Garrette Steinle. That case, *Steinle*, was assigned to respondent Judge John P. Dewey. On July 26, 2013, July 24, 2014 and August 14, 2014, relator filed motions for partial summary judgment in *Steinle*. Julie Steinle filed a response to those motions on November 7, 2014. The matters on which relator sought summary judgment dealt with various assets at issue in the divorce. In particular, relator asserted that there was no genuine issue of material fact and that as a matter of law, various assets were fully marital property, fully separate property, or co-mingled property containing separate and pre-marital property. Relator identified numerous assets at issue, argued for their classification as fully marital, fully separate or co-mingled, and supported his assertions with evidence. In her response to relator's motions for partial summary judgment, Julie Steinle agreed with some of relator's classifications of property and disagreed with others. She did not support her response with an affidavit or other evidence as delineated by Civ.R. 56(C) and (E).

{¶ 3} On November 18, 2014, respondent issued a ruling on relator's motions for partial summary judgment. In granting relator partial summary judgment, respondent

2.

determined that as a matter of law, ten individual items of property were fully marital property, three items were fully separate property, and four items were co-mingled property. Of the co-mingled properties, respondent assigned the values due relator and Julie Steinle. Respondent then denied relator summary judgment as to his asserted premarital interest in the marital home and his claimed separate property interest in a Fifth Third Bank Safe Saver's account. Respondent further denied relator summary judgment on five business assets that relator claimed were his separate property. Respondent noted that those properties needed to be appraised.

{¶ 4} On January 5, 2015, relator filed a Civ.R. 56(D) motion for findings of fact in dispute. Relator asserted that he could not discern from respondent's order granting partial summary judgment what material facts are actually and in good faith controverted because Julie Steinle had not submitted any facts by affidavit, deposition or sworn statement of any kind, in opposition to the facts that relator submitted in support of his motion for partial summary judgment. Relator than attached to his motion a list of some 138 facts on which he asserted no material dispute had been shown. Many of the "facts" alleged by relator are statements made by various witnesses by affidavit concerning details of the history of numerous assets requiring distribution in *Steinle*. Relator asserted that because Julie Steinle did not present evidence in opposition to these statements, respondent was required to accept them as true. Relator then asked respondent to either find that all of the facts listed are uncontroverted or provide a list of those facts which

3.

respondent believes are in dispute. Julie Steinle responded with a motion for an order dismissing relator's motion for findings of fact.

{¶ 5} Respondent issued a judgment entry on March 16, 2015, denying relator's motion for findings of fact. Citing Civ.R. 56(D), respondent ruled that it was "'not practicable' to find said 138 averments by Defendant as uncontroverted fact. Should Defendant wish to submit said averments to Plaintiff's counsel as a request for admissions, he is free to do so."

{¶ 6} Relator now comes before this court with a petition for a writ of mandamus. Relator asks us to order respondent to vacate his judgment of March 16, 2015, and issue findings of fact as required by law. Respondent has filed a motion to dismiss in which he claims that because he has complied with the applicable Civil Rules, relator has no right to mandamus. We construe this as a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 7} For a writ of mandamus to be granted, the relator must show that there is a clear legal right to the relief requested, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Copeland v. Judges*, 67 Ohio St.2d 1, 5-6, 424 N.E.2d 279 (1981). "[T]o dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that relator/plaintiff can prove no set of facts warranting relief." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).

4.

**{¶ 8}** Civ.R. 56(D) reads:

If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and *shall if practicable*, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly. (Emphasis added.)

**{¶ 9}** As noted above, respondent, in ruling on relator's motion, specifically found it "not practicable" to find that the 138 averments were uncontroverted facts. In our view, relator's petition is an attempt to appeal the trial court's judgment denying his Civ.R. 56(D) motion and/or denying him partial summary judgment on the marital home and business assets before the case has been fully adjudicated. In the alternative, the petition is an attempt to have this court order respondent to grant relator summary judgment on those very same issues. Either way, relator has no right to the relief requested and respondent is under no duty to perform the requested act. The Supreme Court of Ohio has repeatedly held that mandamus is not a substitute for an appeal. *See*

5.

*State ex rel. Baker v. Schiemann*, 67 Ohio St.3d 443, 444, 619 N.E.2d 692 (1993); *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 163, 228 N.E.2d 631 (1967). Moreover, the denial of a motion for summary judgment is not a final appealable order. *State ex rel. Overmyer v. Walinski*, 8 Ohio St.2d 23, 222 N.E.2d 312 (1966). Relator cannot avoid these firmly established rules of appellate jurisprudence through the filing of a mandamus action under the circumstances presented herein.

{¶ 10} Accordingly, because relator can prove no set of facts entitling him to relief, respondent's motion to dismiss the complaint in mandamus is found well-taken and is granted. All other pending motions are hereby rendered moot. Costs of these proceedings are assessed to relator.

Writ dismissed.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
Thomas J. Osowik, J.                            JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.