OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Howard v. Ferreri et al..
[Cite as State ex rel. Howard v. Ferreri (1994),          Ohio St.3d          .]
Mandamus to compel provision of file-stamped copy of complete
    transcript of proceedings in Cuyahoga County Court of
    Common Pleas, Juvenile Division, in case No. 9311338 and
    to provide access to juvenile court case files in case
    Nos. 9311338 and 9315631 granted, when.
    (No. 94-108 -- Submitted August 17, 1994 -- Decided October 19, 1994.)
    In Mandamus
    This is the third case before the court involving Mary Beth, a child alleged to be dependent, who is in the emergency temporary custody of Catholic Social Services of Cuyahoga County, Inc. ("CSS"), a private child-placing agency. See, also, Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,     N.E.2d    , case Nos. 94-11 and 94-153 (consolidated appeal from judgment denying writ of habeas corpus), and State ex rel. Howard v. Ferreri (1994), Ohio St.3d     ,     N.E.2d    , decided today, case No. 94-516 (appeal from judgment denying writ of prohibition). Relator, Timothy Howard, is the biological father of the child.
    In case Nos. 9214817, 9311338, and 9315631, filed in the Cuyahoga County Court of Common Pleas, Juvenile Division, CSS sought permanent custody of the child. The first case, case No. 9214817, was initiated by CSS on November 24, 1992. In December 1992, Judge Betty Willis Ruben appointed attorney Michael D. Slodov to represent Howard in case No. 9214817. Case No. 9214817 was subsequently dismissed without prejudice.
    CSS commenced the second case in September 1993, which was designated as case No. 9311338. Respondent, Judge Robert Ferreri, presided over this case and appointed Slodov to represent Howard. Judge Ferreri granted a motion for a stenographic court reporter at court expense as well as Howard's motion for a transcript of hearings held in case No. 9311338, requesting that the expense of preparation and copying of the transcripts be assessed as costs. Judge Ferreri reassured Howard's counsel that he would be provided with a

copy of the transcript of the proceedings in case No. 9311338 at the court's expense. Case No. 9311338 was dismissed without prejudice in December 1993, and a third permanent custody complaint was filed by CSS (case No. 9315631).

In December 1993, the original and three copies of the hearings held in case No. 9311338 were delivered by the court reporter to Judge Ferreri. Judge Ferreri refused to have the transcripts file-stamped and did not deliver copies of the transcripts to Howard or his attorney. Judge Ferreri additionally refused to permit Howard's attorney to have access to the case file in case No. 9311338 after December 1, 1993.

Howard filed a notice of appeal from Judge Ferreri's judgment dismissing case No. 9311338 without prejudice, and his attorney filed an affidavit of prejudice against Judge Ferreri requesting his disqualification in the third CSS permanent custody case involving Mary Beth. Case No. 9315631 was stayed from December 10, 1993 until February 15, 1994 because of the affidavit of prejudice, when the Chief Justice denied the motion to disqualify Judge Ferreri. Howard's counsel, by letter dated January 5, 1994, requested respondent Leodis Harris, administrative judge and ex officio clerk of the juvenile court, to provide a file-stamped copy of the transcripts in case No. 9311338 as well as access to the case file in that case. Judge Harris refused Slodov's written request because (1) the affidavit of prejudice prevented action on the requests for the transcript and access to the file, and (2) Slodov had also filed a motion to compel in this court. The motion to compel was ultimately withdrawn prior to Howard's instant mandamus action.

Judge Ferreri also possesses a transcript of the proceedings and the case file in case No. 9315631, and he has refused to provide Slodov with a copy of the transcript or access to the court file.

On January 18, 1994, Howard brought the present action in this court seeking a writ of mandamus to compel respondents, Judge Ferreri, Judge Harris, and Diane Stueve, a deputy clerk of the juvenile court, to (1) file-stamp the transcripts of hearings in the possession of one or more of the respondents, (2) provide Howard's counsel with a copy of the transcripts, and (3) provide access to the case files during the juvenile court's normal business hours.1 After the court denied Howard's application for an alternative writ and respondents filed an answer, Howard filed a motion for summary judgment, supported by several affidavits and exhibits. Howard subsequently filed a notice indicating that on April 8, 1994, Judge Ferreri caused the filing of an incomplete copy of the transcripts in case No. 9311338 which did not contain any of the evidentiary materials admitted during the proceedings. Respondents have not filed anything in opposition to either Howard's summary judgment motion or his notice.

This cause is now before the court on Howard's motion for summary judgment.

Michael D. Slodov, for relator.
Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Carol Shockley, Assistant Prosecuting Attorney, for respondents.

Per Curiam. In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act and that relator has no plain and adequate remedy at law. State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Howard initially requests a complete copy of the transcripts in case Nos. 9311338 and 9315631. "In actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66, paragraph two of the syllabus; cf. 2 Carr & Young, Anderson's Ohio Family Law (2 Ed.1989) 371, Section 22.4 ("[t]o effectuate fully the principles on which Heller is based, the rights to a free transcript and appointed counsel should be extended to all appeals by indigents").

Juv.R. 37(A) requires a complete record of all juvenile court hearings upon request of a party or upon the court's own motion. Similarly, R.C. 2151.35(A) requires a record of all testimony and other oral proceedings in permanent custody actions. Both case Nos. 9311338 and 9315631 were permanent custody actions, and the record indicates that the court ordered the transcription of the proceedings in case No. 9311338.

Respondents refused Howard's attorney's written request for a file-stamped copy of the transcripts in case No. 9311338 on the basis of an affidavit of prejudice filed by Slodov in case No. 9315631 and a motion to compel. However, at the time this complaint was filed, the motion to compel had been withdrawn. Moreover, the affidavit of prejudice did not involve case No. 9311338 and the Chief Justice subsequently overruled Slodov's motion to disqualify Judge Ferreri. Filing of transcripts and providing copies to indigent parents in appeals of right from permanent custody proceedings are ministerial duties, which respondents could have performed notwithstanding any pending affidavit of disqualification. See, e.g., Evans v. Dayton Newspapers, Inc. (1989), 57 Ohio App.3d 57, 566 N.E.2d 704. Therefore, respondents' stated rationale for refusing Slodov's written request was without merit.

Judge Ferreri claims in respondents' answer that there were "unresolved issues regarding Relator's claim of indigency"

which preclude mandamus relief.  The right to a free transcript pursuant to Heller hinges on the parent's indigency status; thus, a request for a transcript at state expense may be properly denied where the juvenile court finds that the party has adequate financial means to obtain the transcript.  State ex rel. Henry v. Grossmann (1983), 5 Ohio St.3d 235, 5 OBR 496, 450 N.E.2d 1156.  During the proceedings in case No. 9311338, Judge Ferreri granted Howard's motion for a transcript of the hearings and advised Slodov that he would be provided a copy of the transcript at the court's expense.  Additionally, Howard's uncontroverted affidavit indicates that he is unemployed and has no assets.  Where the moving party has produced sufficient supportive evidence on a summary judgment motion, the opposing party may not rest upon mere allegations in the pleadings but must respond with affidavits or other appropriate materials to show that there is a genuine issue of fact for trial.  Civ.R. 56(E); Jackson v. Alert Fire & Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 567 N.E.2d 1027.  Howard has established his indigency with his summary judgment evidence.  Moreover, it is manifest that respondents recognized Slodov as Howard's appointed counsel in case No. 9311338.

Although respondents do not raise the argument, Howard must establish that the permanent custody proceedings instituted by CSS were in effect "instituted by the state" for constitutional due process purposes in order to establish a clear legal right to the transcripts pursuant to Heller.  For example, since the right to a transcript under Heller applies only to state-instituted permanent custody cases, an indigent, noncustodial parent is not entitled to a transcript where temporary custody is given to the other parent.  Kurtz & Giannelli, Ohio Juvenile Law (2 Ed.1989) 221, Section T 15.02, citing In re Alexander (Dec. 28, 1982), Huron App. No. H-82-23, unreported.

Most of the protections for individual rights and liberties contained in the United States and Ohio Constitutions apply only to actions of governmental entities; thus, in order to apply, e.g., the due process right to a Heller transcript to the actions of private entities like CSS, there must be a determination of whether the agency's actions in seeking permanent custody of Howard's daughter constituted state action of a type regulated by constitutional provisions.  See, generally, 2 Rotunda & Nowak, Treatise on Constitutional Law (2 Ed.1992) 523-524, Section 16.1(a).

The first inquiry is whether the claimed constitutional deprivation has resulted from the exercise of a right or privilege having its source in state authority.  Georgia v. McCollum (1992), 505 U.S.    , 112 S.Ct. 2348, 120 L.Ed.2d 33. CSS is a "private child placing agency" as defined in R.C. 2151.011(B)(8) and 5103.02.  CSS requested permanent custody of Mary Beth pursuant to R.C. 2151.353(A)(4), which allows an award of permanent custody of a child to a public children services agency or private child placing agency, if the juvenile court determines that the child cannot be placed with one of his parents within a reasonable time or should not be placed with either parent and additionally determines that the permanent commitment is in the best interest of the child. Since CSS's right to institute the permanent custody

proceedings is derived from R.C. 2151.353(A)(4), the first portion of the state action test is satisfied.

The second inquiry is whether the private party charged with the deprivation can be described as a state actor. McCollum, supra. In resolving the issue, the following three principles must be considered: "the extent to which the actor relies on governmental assistance and benefits, *** whether the actor is performing a traditional governmental function, *** and whether the injury caused is aggravated in a unique way by the incidents of governmental authority." Edmonson v. Leesville Concrete Co. (1991), 500 U.S. 614,    ,  111 S.Ct. 2077, 2083, 114 L.Ed.2d 660, 674; see, also, Lugar v. Edmondson Oil Co. (1982), 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482.

While here there is no indication of the extent to which CSS relies on assistance from the state of Ohio, CSS is required to be certified under R.C. 5103.03 to 5103.05 and is governed by various administrative rules set forth in Ohio Administrative Code Chapter 5101:2-5. The acceptance, custody, and placement of dependent, abused, or neglected children by CSS is a traditional governmental function that is subject to a comprehensive regulatory scheme promulgated by the state. See, e.g., Perez v. Sugarman (C.A.2, 1974), 499 F.2d 761 (private entities which accept and retain neglected or abused children act under color of state law for purposes of Section 1983 federal civil rights actions); Cecere v. City of New York (July 12, 1991), S.D.N.Y. No. 88 Civ. 1948, unreported, 1991 WL 136026. In that CSS satisfies the state action test, its permanent custody actions were in effect "instituted by the state" for purposes of applying Heller.

Therefore, under Heller, the summary judgment evidence indicates that Howard has established a clear legal right to the transcripts in case No. 9311338 and a clear legal duty on the part of respondents, particularly Judge Ferreri, to provide a file-stamped copy to him. However, as to the transcripts in case No. 9315631, Heller requires an appeal. There is no evidence in the record either that case No. 9315631 has concluded or that an appeal as of right has been filed. See State ex rel. Copeland v. Judges of the Court of Appeals of the Third Appellate Dist. (1981), 67 Ohio St.2d 1, 5, 21 O.O.3d 1, 3, 424 N.E.2d 279, 282 (an actual appeal must be pending before a transcript will be provided). Therefore, Howard is not entitled to copies of the transcripts in case No. 9315631.

With regard to the transcripts in case No. 9311338, Howard must also establish the absence of an adequate legal remedy because a writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05. In order for there to be an adequate remedy at law, the remedy must be complete, beneficial, and speedy. State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009. In general, parties have an adequate remedy in the ordinary course of law to correct trial court records, i.e., transcripts, through App.R. 9(E). State ex rel. Hill v. Niehaus (1994), 68 Ohio St.3d 507, 628 N.E.2d 1376; State ex rel. Motley v. Capers (1986), 23 Ohio St.3d 56, 23 OBR 130, 491 N.E.2d 311; State ex rel. Ellison v. Dresbach (1983), 6 Ohio St.3d 19, 6 OBR 16, 450 N.E.2d 1174.

Nevertheless, there are some limited instances where mandamus is appropriate to provide a complete transcript of proceedings or to correct the record. See, e.g., State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 551 N.E.2d 183; State ex rel. Spirko v. Judges of the Court of Appeals, Third Appellate Dist. (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625; cf. State ex rel. Cody v. Toner (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. In the case at bar, unlike Hill, Motley, or Ellison, Howard has established a clear legal right to a copy of the complete transcript of the proceedings in case No. 9311338. Further, it is uncontroverted that Judge Ferreri ordered the transcripts and then kept the finished original and copies, refusing to release any of them to Howard or his counsel for reasons which have previously been found to be without merit.

Although mandamus is generally not a proper method to correct alleged errors in the record, mandamus may be appropriate to compel the trial court to act if it refuses to do so. State ex rel. Wright v. Cohen (1962), 174 Ohio St. 47, 21 O.O.2d 294, 186 N.E.2d 618 (mandamus is the proper remedy to enforce the right of an indigent to a copy of the transcript for the purpose of preparing appeal where the request for transcript has been denied by the court); Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417; Whiteside, Ohio Appellate Practice (1993) 56, Section T 4.07(D) (mandamus or procedendo appropriate to compel trial court to correct errors in record if court refuses to do so). We hold that the App.R. 9 remedy is inadequate where respondents so clearly violated Howard's right to a copy of the transcript and did not provide even an incomplete version of the transcript until after Howard instituted this mandamus action. Respondents failed to respond to either Howard's summary judgment motion or his subsequent notice indicating that only an incomplete transcript had been filed.

Howard has a pending appeal in case No. 9311338. By compelling a complete transcript in that case, this court can ensure a meaningful appeal, since Howard contends that Judge Ferreri's assertion that Howard testified that he was not presently able to care for Mary Beth was not supported by the record. See, e.g., Howard v. Catholic Soc. Serv., 70 Ohio St.3d at 142, 637 N.E.2d at 892. Howard has established an unrebutted colorable need for the transcript. Copeland, supra. Consequently, he is entitled to a writ of mandamus compelling the provision of a file-stamped copy of the complete transcript of proceedings in case No. 9311338 for purposes of his pending appeal from the dismissal without prejudice entered in that case.

Howard also seeks a writ of mandamus ordering respondents to provide access to the case files in case Nos. 9311338 and 9315631. R.C. 2151.18(A) provides that the "juvenile court shall maintain records of all official cases brought before it" and that the "parents of any child affected *** may inspect these records, either in person or by counsel during the hours in which the court is open." Judge Ferreri has conceded denying access to the file in case No. 9311338. Further, respondents failed to deny the allegation in Howard's complaint that they denied access to Slodov of the file in case No.

9315631 and that this denial was in violation of R.C. 2151.18(A). Allegations contained in a complaint other than those as to the amount of damage are admitted when not denied in the answer. Civ.R. 8(D). Therefore, Howard has established a clear legal right to access to the files in both case Nos. 9311338 and 9315631, a corresponding clear legal duty on the part of respondents to provide access, and the lack of any adequate legal remedy given the juvenile court's refusal to provide access.

Accordingly, for the foregoing reasons, we grant Howard's motion for summary judgment and issue a writ of mandamus compelling respondents to provide him with a complete copy of the transcript of proceedings in case No. 9311338, and further compelling respondents to provide him with access to the juvenile court case files in case Nos. 9311338 and 9315631. We deny Howard's motion for summary judgment and writ of mandamus and deny relief on the merits as to his claim for a copy of the transcript of proceedings in case No. 9315631.

Writ granted in part
and denied in part.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in judgment only.

FOOTNOTE

1 Howard also requested delivery of audiotapes of certain hearings in case No. 9311338 for transcription and filing. However, in Howard's motion for summary judgment, he notes that delivery has occurred. As Howard readily concedes, this renders his claim in that regard moot.