DECISION.
Bringing forth two assignments of error, plaintiff-appellant David Braucher challenges the trial court's denial of his motion for partial summary judgment and the trial court's entry of summary judgment in favor of defendants-appellees Mariemont Auto and Jay Allen. For the following reasons, we reverse in part and affirm in part.
On August 21, 2000, Braucher and Allen, the owner of Mariemont Auto, executed a purchase order for a 1999 Dodge Intrepid ES. The purchase order included the following relevant terms: a $15,850 purchase price, a $1000 service contract and a $2000 down payment ("cash on delivery"). The purchase order did not indicate that the sale of the Dodge was conditional on Braucher being able to obtain financing.
Although Allen signed this purchase order, he testified at his deposition that Braucher had not paid the $2000 down payment on August 21, 2000. He further testified that he gave Braucher possession of the car in exchange for Braucher's promise to return the next day with the $2000 and a pay stub proving his income and employment for financing purposes. Braucher testified at his deposition that he had paid $1000 to Allen by personal check at the time he took possession of the Dodge and that he had purchased the $1000 service contract to make up the rest of the down payment.
Allen assisted Braucher in attempting to secure a car loan through the First National Bank of Southwestern Ohio, and, on the date that Braucher took possession of the car, Braucher had signed a Southwestern Ohio Installment Loan agreement, which listed all the terms of the loan. An agent of Mariemont Auto also signed this document. But, a week later, Allen contacted Braucher, requesting that Braucher return the Dodge because there were problems with obtaining financing. Braucher testified that Allen had threatened him with criminal action if he did not return the car. Braucher refused to return the car, and, sometime in late September 2000, Allen went to Braucher's home and took possession of the car without Braucher's consent. Mariemont Auto then sold the Dodge to its previous owner.
Braucher sued Allen and Mariemont Auto for unlawful repossession, wrongful conversion and violations of the Consumer Sales Practices Act ("CSPA"). Mariemont Auto and Allen moved for summary judgment, and, in response, Braucher moved for summary judgment on all but one CSPA claim. The trial court denied Braucher's motion and entered summary judgment in favor of Mariemont Auto and Allen.
Pursuant to Civ.R. 56(C), summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence viewed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the record de novo to determine whether summary judgment is appropriate.
With respect to the claims for wrongful conversion and unlawful repossession, the issue was whether Mariemont Auto was the legal owner of the Dodge when it repossessed the vehicle in September 2000. Braucher argued that, although he was not in physical possession of the vehicle's certificate of title, ownership and title had passed to him upon the delivery of the car pursuant to the Ohio Uniform Commercial Code. Mariemont Auto argued in its trial brief[2] that, pursuant to R.C.4505.04, it remained the legal owner of the Dodge because the certificate of title had not been transferred to Braucher. We agree with Mariemont Auto and hold that it remained the legal owner of the Dodge Intrepid because the certificate of title was in its name.
The Ohio Supreme Court has recently held that R.C. 4505.04(A) controls over provisions of the Uniform Commercial Code when determining competing claims of ownership of a motor vehicle.[3] R.C. 4505.04(A) provides that a person only acquires ownership of a motor vehicle when the vehicle's certificate of title is issued to that person. Because it is undisputed that Mariemont Auto retained possession of the Dodge's certificate of title, it remained the legal owner of the vehicle and had the right, as a matter of law, to possession of it. Accordingly, the trial court did not err in entering summary judgment with respect to the claims of unlawful repossession and conversion.
With respect to the CSPA claims, we hold that the trial court erred in granting summary judgment in favor of Mariemont Auto and Allen. In its decision, the trial court concluded that the CSPA was not applicable to the circumstances of this case because a "sale" had not occurred. The court, determining that Braucher had not paid any consideration, reasoned that "no cash equals no delivery equals no sale." Regardless of whether the trial court's "formula" made legal sense, the court improperly held that Braucher had not paid any consideration, as this was a disputed material fact. Braucher provided sworn testimony that he had paid $1000 by personal check as a down payment. Under the trial court's belief that "no cash" equaled "no sale," there was a genuine issue of material fact presented, and, thus, summary judgment was inappropriate. Moreover, we hold that a "sale" was not required in order for the CSPA to be applicable under these circumstances.
R.C. 1345.02(A) provides that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." A consumer transaction is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods * * *."[4] (Emphasis added.) Here, the transfer of the Dodge from Mariemont Auto, a dealer, to Braucher constituted a consumer transaction because there was a transfer of possession of a consumer good. Accordingly, the trial court should have considered Braucher's claims of CSPA violations on their merits.
Braucher alleged two violations of the CSPA in his complaint, but only sought summary judgment for one violation. In that respect, he asserted that Mariemont Auto had violated R.C. 1345.02 by failing to inform him in writing that the sale of the Dodge was contingent on him obtaining financing. We agree.
R.C. 1345.05(B)(2) grants power to the Ohio Attorney General to determine what actions or practices constitute deceptive acts under the CSPA. The Ohio Attorney General has determined that it is a deceptive act to "deliver a motor vehicle * * * which is contingent upon financing without a written agreement stating the parties obligations should such financing not be obtained."[5] It is undisputed that the purchase order signed by both parties did not indicate that the transaction was contingent on Braucher obtaining financing, and there were no other written statements indicating the obligations of each party if financing was unobtainable. Because Allen and Mariemont Auto violated R.C. 1342.02(A), the trial court erred in failing to enter summary judgment in favor of Braucher on this claim. We do not address the merits of the second CSPA claim, as Braucher did not move for summary judgment in that respect.
Accordingly, we reverse the judgment of the trial court with respect to the CSPA claims and remand this cause to the trial court to determine damages, actual or statutory, for the first CSPA claim and to address the merits of the second CSPA claim. We affirm the judgment of the trial court in all other respects.
Judgment affirmed in part and reversed in part, and cause remanded.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 1994-Ohio-130,639 N.E.2d 1189.
[2] Mariemont Auto and Jay Allen have not submitted an appellate brief, nor did anyone appear for oral argument on their behalf.
[3] Saturn of Kings Automall, Inc. v. Mike Albert Leasing, Inc.,92 Ohio St.3d 513, 2001-Ohio-1274, 751 N.E.2d 1019.
[4] See R.C. 1345.01(A).
[5] Ohio Adm. Code 109:4-3-16(B)(30).