DECISION.
{¶ 1} Plaintiff-appellant, Rayshaun Williams, appeals the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Mike Kaeser Towing ("Kaeser"). For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.
 {¶ 2} In February 2002, Williams filed a complaint against Kaeser and defendant Fath Properties. He sought damages for the allegedly wrongful towing and destruction of his automobile. Williams and Fath thereafter executed a document entitled "Release of all Claims," in which Williams released from liability "Fath Management Co., Fath Properties, Inc. a/k/a Fath Properties a/k/a Aspen Village Apartments, and its employees, affiliates, insurers including St. Paul Fire and Marine Insurance Company, and any other person, firm, or corporation charged or chargeable with responsibility or liability * * * from any and all claims * * * as set forth in the case of Rayshaun Williams v. Fath Properties, et al., Case No. A0200968, Hamilton County, Ohio Court of Common Pleas."
 {¶ 3} Kaeser then filed a motion to dismiss, which the court converted into a motion for summary judgment. The court granted the motion for summary judgment on the ground that Williams had released his claims against Kaeser.
 {¶ 4} In a single assignment of error, Williams now argues that the trial court erred in holding as a matter of law that he had released his claims against Kaeser. We agree. Pursuant to Civ.R.56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2]
 {¶ 5} R.C. 2307.32(F)(1)[3] provides that "[w]hen a release * * * is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property * * * [t]he release * * * does not discharge any of the other tortfeasors * * * unless its terms otherwise provide * * *." The Supreme Court of Ohio has construed the phrase "unless its terms otherwise provide" to require a release to "expressly designate by name or to otherwise specifically describe or identify any tortfeasor to be discharged."[4] The use of the phrase "all other persons" does not satisfy the statutory requirement.[5] TheBeck court stated that the intent of the statute was to repudiate the common-law rule that a release of one tortfeasor resulted in the release of all claims against all other tortfeasors.[6]
 {¶ 6} In the case at bar, the release did not specifically name or identify Kaeser as a party that was being released. Although the release stated that "any other person" chargeable with responsibility was released from the litigation, that language was insufficient, under R.C.2307.32 and Beck, to identify Kaeser. Accordingly, we sustain the assignment of error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Decision.
Judgment reversed and cause remanded.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] The statute is now codified in R.C. 2307.28.
[4] See Beck v. Cianchetti (1982), 1 Ohio St.3d 231, 235,439 N.E.2d 417.
[5] Id., paragraph one of the syllabus. See, also, Marcus v. Hamilton, 8th Dist. No. 81701, 2003-Ohio-2739.
[6] Beck, supra, at 234-235, 439 N.E.2d 417. Thus, we hold that the trial court's reliance on the common-law rule, as enunciated in AdamsExpress Co. v. Beckwith (1919), 100 Ohio St. 348, 126 N.E. 300, was erroneous.