[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Arthur A. Sherman, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of plaintiff-appellee, The Walter J. Engel Co., Inc. ("Engel") in a breach-of-contract action. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} In 2002, Engel filed an action against Sherman, alleging that Sherman had failed to pay for flowers and other items. The trial court granted summary judgment in favor of Engel in the amount of $21,969.18.
 {¶ 4} In a single assignment of error, Sherman now argues that the trial court erred in entering summary judgment in Engel's favor. Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
 {¶ 5} In the case at bar, we find no error in the trial court's entry of summary judgment. Sherman first argues that the evidence failed to show that the parties had entered into a contract. This argument is without merit. Sherman himself admitted in his affidavit that the parties had maintained an ongoing contractual relationship. And while Sherman argues that his denial of the claimed debt, in conjunction with his submitted evidence of payment, established a genuine issue of fact, we are not persuaded. Engel submitted a detailed account of the amount that Sherman owed throughout the period of the ongoing contract. The evidence that Sherman produced tended to establish only that certain payments had been made during the course of the contractual relationship. Sherman failed to come forward with competent evidence that he did not owe the amount that Engel claimed, and he has not demonstrated any error in the trial court's holding.
 {¶ 5} Finally, while Sherman argues that the court erred in not holding a hearing on the motion for summary judgment, he has not stated how he was prejudiced by the lack of a hearing. Under these circumstances, we hold that the trial court did not err. The assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.