JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Nicole Jackson, appeals the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, the city of Cincinnati ("city"), in a personal-injury action. For the following reasons, we affirm the trial court's judgment.
In February 2000, Jackson was walking on the sidewalk abutting 14th Street within the city limits. It was a clear day and there was little pedestrian traffic. Jackson sustained injuries when she stepped into a "curb box" that was part of the city's water-works system. While such curb boxes were usually covered, the box in question did not have a cover. The curb box was large enough to accommodate Jackson's entire foot and was not obstructed in any way.
Jackson brought suit against the city and the adjoining premises owner, Middle Earth Over the Rhine Limited I. The trial court granted summary judgment in favor of both defendants. In a single assignment of error, Jackson now contends that the trial court erred in its grant of summary judgment in favor of the city. She does not challenge the grant of summary judgment in favor of Middle Earth.
Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To recover on a claim of negligence, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach of the duty proximately caused the plaintiff's injury.[4] In general, a municipal corporation is liable for injuries resulting from its "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads."[5] The city does not dispute that this duty extends to public sidewalks.
Despite the general duty on the part of a municipal corporation to keep its sidewalks in a reasonably safe condition, the Supreme Court of Ohio has recently reaffirmed the principle that a party with control over premises owes no duty to protect persons from open and obvious dangers.[6] In emphasizing the continued viability of the open-and-obvious doctrine in light of the comparative-negligence statute, the court stated, "[W]e reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. * * * [I]t is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."[7] Where the evidentiary material submitted to the trial court indicates that a condition is visible to all persons using the premises, the court may determine that the condition is open and obvious as a matter of law.[8]
In the case at bar, we find no error in the trial court's grant of summary judgment. The photograph submitted to the trial court, in conjunction with the other evidence before the court, indicated that the uncovered curb box was clearly visible to pedestrians, and there was no indication that any obstruction or other condition prevented Jackson from perceiving the opening in the sidewalk. Under these circumstances, summary judgment was properly entered in favor of the city.
Given our holding with respect to the open-and-obvious doctrine, we need not address the city's contention that it did not have actual or constructive notice of the alleged defect. Jacskon's assignment of error is overruled, and the judgment of the trial court is affirmed
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Hildebrandt, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587,589, 1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003 — Ohio-5772,798 N.E.2d 406.
[4] Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103,113 N.E.2d 629, paragraph three of the syllabus.
[5] R.C. 2744.02(B)(3).
[6] Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.
[7] Id.
[8] See id. at ¶ 16.