JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A), Trial No. A-0301285.
Plaintiffs-appellants, Rosalind Denise Stiggers and Nathaniel Stiggers, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of Lowe's Home Centers, Inc., and Lowe's Companies, Inc., ("Lowe's") in a personal-injury action.
Rosalind Stiggers went shopping for vinyl flooring at a Lowe's home-improvement store. The rolls of vinyl flooring were stacked vertically in a display that Lowe's employees had constructed. The rolls of flooring rested on a shelf that was raised slightly from the floor. A horizontal metal bar crossed the display several inches above the shelf, and a safety cable had been installed to hold the top part of the rolls in the display. According to Mrs. Stiggers's testimony, the tops of the rolls were over five feet from the floor when stacked vertically.
As Mrs. Stiggers was looking at the rolls of flooring, one of the rolls fell from the display and struck her in the foot, causing injuries. Although Mrs. Stiggers testified that the rolls of flooring were not arranged neatly in the display, she did not know how the roll fell from the display or whether the safety cable was in place.
The Stiggerses filed suit against Lowe's, alleging that the store had negligently created a hazardous condition by stacking the rolls of flooring in an unsafe display. Mr. Stiggers claimed that he had suffered loss of consortium. Lowe's filed a motion for summary judgment, and the trial court granted the motion. In a single assignment of error, the Stiggerses now argue that the trial court erred in granting summary judgment in favor of Lowe's.
Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To recover on a claim of negligence, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach of the duty proximately caused the plaintiff's injury.[4] A premises owner generally owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger.[5]
As this court noted in Cione v. K-Mart Corporation,[6]
where the owner of a premises or one of its employees is alleged to have created a dangerous situation, the plaintiff need not prove that the owner had actual or constructive notice of the hazard. In Cione, the plaintiff was injured when a computer cart fell from a shelf and struck her.[7] The cart was not tethered to the shelf, and there was no lip on the shelf to prevent the cart from rolling off.[8] We held that judgment notwithstanding the verdict was improperly granted in favor of the store, because the jury properly found that the absence of a restraining device on the store's display was evidence that the store had breached a duty to the plaintiff.[9] Moreover, we held that the verdict in favor of the plaintiff was proper even though she could not say what had caused the cart to roll from the display, because "any such cause was foreseeable and connected with the way in which K-Mart displayed the cart."[10]
Although Cione involved an appeal of a judgment notwithstanding the verdict, its principles apply to the factual situation here. In the case at bar, the Stiggerses presented some evidence that Lowe's had created a hazard by stacking the flooring rolls vertically in a display that lacked adequate safety features. Mrs. Stiggers was unable to state specifically what had caused the roll to fall from the display, but the fact that it fell created at least a permissible inference that the display had failed to properly contain the merchandise.
And while Lowe's notes that, unlike the display in Cione,
there existed some safety mechanisms in the flooring display in the case at bar, we do not find that distinguishing feature to be dispositive. The proper inquiry is whether the display was unreasonably hazardous, not whether some safety mechanisms were in place. Here, the Stiggerses presented evidence that the safety mechanisms for the display were inadequate and that the failure of those mechanisms caused the injuries. Although we express no opinion as to the ultimate outcome of the dispute, there remain genuine issues of material fact rendering summary judgment improper. The assignment of error is sustained. The trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with the foregoing and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587,589, 1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front,153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772,798 N.E.2d 406.
[4] Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103,113 N.E.2d 629, paragraph three of the syllabus.
[5] Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203, 480 N.E.2d 474.
[6] (May 8, 1998), 1st Dist. No. C-970475.
[7] Id.
[8] Id.
[9] Id.
[10] Id.