JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Jason Henke, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Purcell Marian High School, the Archdiocese of Cincinnati, and the city of Cincinnati, in a personal-injury action. For the following reasons, we affirm the trial court's judgment.
Henke attended a basketball game at Purcell Marian. He testified in his deposition that the parking lot of the school was full when he arrived at the game, forcing him to park on a city street near the school.
As Henke was leaving the basketball game and walking to his car, he was assaulted by a group of young men and sustained injuries. The assault occurred on a public street off of school grounds.
The school had hired off-duty Cincinnati police officers to provide security at the game. The evidence indicated that the officers patrolled only school property, though they sometimes left the premises to assist with traffic control.
Henke sued the city, Purcell Marian, and the Archdiocese of Cincinnati, which operated the school. He claimed that the defendants had breached their duty of care by failing to protect him from the assault. The trial court granted summary judgment in favor of all the defendants.
In his first assignment of error, Henke now argues that the trial court erred in granting summary judgment in favor of Purcell Marian and the Archdiocese. Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To recover on a claim of negligence, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury.[4]
Here, the parties agree that Henke was an invitee when he attended the basketball game. A premises owner generally owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to danger.[5] But the duty does not extend to premises not in the possession and control of the owner.[6]
In the case at bar, it was undisputed that the assault occurred on a public street over which Purcell Marian and the Archdiocese had no control. And while Henke argues that the scarcity of on-campus parking made the use of surrounding streets — and the possibility of an assault — foreseeable, the Ohio Supreme Court has rejected foreseeability as a basis for extending a property owner's duty of care beyond its own premises.[7] The trial court properly entered summary judgment in favor of Purcell Marian and the Archdiocese, and the first assignment of error is overruled.
In his second and final assignment of error, Henke argues that the trial court erred in granting summary judgment in favor of the city. Henke argues that he was a third-party beneficiary of the contract between Purcell Marian and the Cincinnati Police Division, and that the officers' failure to protect him constituted a breach of duty under the contract.
Where a duty imposed upon a public official is a public duty, the failure to perform the duty, or an inadequate or erroneous performance of it, results in public rather than individual harm.[8] Accordingly, absent the showing of a special duty, an individual may not recover from a municipality for the failure to provide police protection.[9]
In this case, Henke argues that the contract between Purcell Marian and the Cincinnati Police Division created such a special duty. We disagree. The uncontroverted evidence before the trial court indicated that the duty of the officers extended only to the premises of school. There was nothing in the record to indicate that the officers were obligated to provide security services to the surrounding public streets. The trial court correctly found that there was no special duty that had arisen contractually or otherwise, and the second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103, 113 N.E.2d 629, paragraph three of the syllabus.
[5] Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474.
[6] Simpson v. Big Bear Stores Co., 73 Ohio St.3d 130, 1995-Ohio-203,652 N.E.2d 702, syllabus.
[7] Id. at 134, 1995-Ohio-203, 652 N.E.2d 702.
[8] Sawicki v. Ottawa Hills (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, paragraph two of the syllabus.
[9] Id. at 230-231, 525 N.E.2d 468.