JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Patricia Weber, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Jeff Bickett and Sally Bickett, in a personal-injury action.
Weber and the Bicketts were next-door neighbors. On a sunny afternoon, Weber and Sally Bickett went on a shopping trip in the Bicketts' car. When they returned, Sally Bickett parked the car in her own driveway. Weber retrieved some packages from the back seat and walked toward the rear of the car. As she was doing so, she fell on a portion of the driveway where the concrete had settled. The change in elevation, which spanned the entire width of the driveway, varied in depth from approximately one and one-half inches to three inches. It was approximately three inches at the spot where Weber fell.
In her deposition, Weber testified that although she was carrying packages, nothing had obstructed her view of the defect in the driveway. She stated that she could see the defect from the bedroom window of her house, and a photograph of the defect revealed that it was clearly visible from the street.
Weber filed suit against the Bicketts, alleging that they had negligently failed to maintain the driveway in a reasonably safe condition. The trial court granted summary judgment in favor of the Bicketts on the basis that the defect was open and obvious.
In a single assignment of error, Weber now argues that the trial court erred in applying the open-and-obvious doctrine.
Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To recover on a claim of negligence, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach of the duty proximately caused the plaintiff's injury.[4]
Despite the general duty on the part of a property to owner to keep its premises in a reasonably safe condition, the Supreme Court of Ohio has reaffirmed the principle that a party with control over premises owes no duty to protect persons from open and obvious dangers.[5] In emphasizing the continued viability of the open-and-obvious doctrine in light of the comparative-negligence statute, the court has stated, "[W]e reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. * * * [I]t is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."[6] Where the evidentiary material submitted to the trial court indicates that a condition is visible to all persons using the premises, the court may determine that the condition is open and obvious as a matter of law.[7]
In the case at bar, we find no error in the trial court's grant of summary judgment. The change in elevation in the Bicketts' driveway was a substantial defect that could be seen from as far away as the street and from Weber's bedroom window. At the time of the fall, it was a clear sunny day, and there was nothing obstructing Weber's view of the defect. And while Weber suggests that the open-and-obvious doctrine should be applied only in those instances where the plaintiff has previously traversed the area of the defect, we find no support in the law for restricting the rule in such a way. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103, 113 N.E.2d 629, paragraph three of the syllabus.
[5] Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088, at ¶ 13.
[6] Id.
[7] See id. at ¶ 16.