JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Reginald Jones, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Steven J. Breunig, Breunig's Entertainment, Inc., and Golden Nugget Lounge (collectively, "Breunig") in a personal-injury action.
Steven Breunig was the principal shareholder of Breunig's Entertainment, Inc., which owned Golden Nugget Lounge. One evening, Jones went to the establishment to drink and to play pool. A patron assaulted a bartender, and Jones was injured in the ensuing melee when he was struck with a pool cue. Jones was not sure whether the patron or the bartender had directly caused the injury.
Jones sued Breunig, claiming that the business had failed to protect him from the criminal acts of the patron. The trial court granted Breunig's motion for summary judgment.
In a single assignment of error, Jones now argues that the trial court erred in granting summary judgment in favor of Breunig. Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
To prevail in a negligence action against a business owner based upon the criminal act of a third person, the plaintiff must demonstrate that the criminal act was foreseeable.[4] Under the test adopted by this court, the inquiry concerning foreseeability is whether the business owner could have anticipated the criminal act because of prior similar activities on the premises.[5]
In this case, Jones did not produce any evidence of prior fights or other criminal activity at Golden Nugget Lounge. Although Steven Breunig stated in his deposition that the bar's surroundings had become dangerous after Jones's injury, there was no indication that any similar acts of violence had occurred at the establishment prior to the injury. Absent such evidence, Jones could not demonstrate that his injury was foreseeable, and summary judgment was properly entered in favor of Breunig. The assignment of error is overruled, and the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Whisman v. Gator Investment Properties, Inc., 149 Ohio App.3d 225,2002-Ohio-1850, 776 N.E.2d 1126, at ¶ 23.
[5] Id at ¶ 25.