JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Lisa A. Sydnor, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Diane Julian, in a wrongful-death action.
Sydnor was the administratrix of the estate of her deceased son, Gabriel Beckham. In 2001, Beckham was visiting Julian's home when a group of assailants entered the house and fatally shot Beckham and two others. Sydnor filed a complaint alleging that Julian had negligently caused Beckham's death by permitting drug trafficking and related activity at her home and by failing to warn of the dangers that the drug activity posed to visitors.
Julian filed a motion for summary judgment, and the trial court granted the motion. In four related assignments of error, Sydnor now argues that the trial court erred in entering summary judgment in favor of Julian. Because the assignments raise related issues, we address them together.
Pursuant to Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2] This court reviews the granting of summary judgment de novo.[3]
One of the primary points of contention before the trial court was whether Beckham was a licensee, a social guest, or a business invitee. Sydnor argues that because there was some evidence that Beckham had gone to the Julian residence to get a haircut, the trial court should have found him to be an invitee. For the purpose of our discussion, we assume that assertion to be correct.
To prevail in a negligence action against a premises owner based upon the criminal act of a third person, an invitee must demonstrate that the criminal act was foreseeable.[4] Under the test adopted by this court, the inquiry concerning foreseeability is whether the premises owner should have anticipated the criminal act because of prior similar criminal acts on the premises.[5]
In the case at bar, Sydnor failed to demonstrate that the shooting that caused Beckham's death was foreseeable. In arguing that Julian should have foreseen the criminal act in question, Sydnor cites a shooting that had occurred on the premises approximately seven years before Beckham's death.
But, as Julian notes, Sydnor can point to no competent evidence to suggest any relevant similarities between the two incidents. There is no evidence that any of the persons involved in the 2001 incident were present at the prior incident and no competent evidence that the motive in the prior incident was drug-related. The only person injured in the earlier shooting was Julian's daughter, against whom no allegations of wrongdoing have been leveled.
In fact, the only indication in the record that the two criminal acts were linked was Sydnor's unsubstantiated hunch that both involved drug trafficking. The trial court was correct in rejecting that hunch as a basis for holding that the 2001 shooting was foreseeable. The prior criminal act was remote in time, and Sydnor failed to show that the circumstances of the two acts were similar. Accordingly, we find no error in the grant of summary judgment. The assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
 Winkler, retired, of the First Appellate District, sitting by assignment.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6, jurisdictional motion overruled, 100 Ohio St.3d 1471, 2003-Ohio-5772, 798 N.E.2d 406.
[4] Whisman v. Gator Investment Properties, Inc., 149 Ohio App.3d 225,2002-Ohio-1850, 776 N.E.2d 1126, at ¶ 23.
[5] Id. at ¶ 25.