DECISION.
{¶ 1} Plaintiff-appellant Greg Warmack was injured in an automobile accident on October 8, 2000, while in the course of his employment with S.E. Johnson Companies, Inc. Warmack was driving his personal vehicle, with his employer's magnetic logo on the side of his truck. At the time of the accident, S.E. Johnson Companies, Inc., and its subsidiaries maintained an interstate commercial automobile liability policy ("auto policy") issued by defendant-appellee One Beacon Insurance Company ("One Beacon").
 {¶ 2} The auto policy contained uninsured/underinsured-motorist coverage ("UIM") limits in the amount of $1,000,000. The auto policy limited UIM coverage to those autos designated by symbol 6. The symbol 6 definition of a covered automobile read as follows: "6 = OWNED `AUTOS' SUBJECT TO A COMPUSLORY UNINSURED MOTORISTS LAW — Only those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those `autos' you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement."
 {¶ 3} The auto policy also included an Ohio UIM endorsement as well as an unexecuted UIM rejection form. The Ohio UIM endorsement, under section C.5.a., specifically excluded coverage for bodily injury sustained by "[y]ou while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form."
 {¶ 4} Warmack sought UIM coverage from One Beacon based upon the Ohio Supreme Court's decision in Scott-Pontzer v. LibertyMut. Ins. Co.[1] and its progeny. One Beacon denied coverage, explaining that Warmack was not driving a covered auto at the time of his accident. Warmack sued One Beacon. One Beacon moved for summary judgment, which the trial court granted. In its decision, the trial court held that Warmack was not driving a covered auto at the time of his accident. Noting the symbol 6 language, the court stated that because Warmack's truck was licensed and principally garaged in Ohio and because Ohio law allowed rejection of UIM coverage, Warmack's truck was not a covered auto under the policy.
 {¶ 5} Warmack now appeals, bringing forth a single assignment of error. Warmack contends that the trial court erred in granting summary judgment in favor of One Beacon. We agree.
 {¶ 6} Civ.R. 56(C) provides that summary judgment is appropriate when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2] We review the granting of summary judgment de novo.[3]
 {¶ 7} The version of R.C. 3937.18 as amended in 1997 by H.B. No. 261 was in effect at the time of Warmack's accident and governs UIM coverage in this case. Under R.C. 3927.18, UIM coverage must be offered to, but can be rejected by, the insured. If the insured opts to reject the mandatory offer of UIM coverage, the rejection must be in writing and signed by the named insured.[4] The auto policy here offered UIM coverage, and based upon the record before us, Warmack's employer did not reject this coverage. The auto policy included an Ohio UIM endorsement and an unexecuted rejection form. Accordingly, there was UIM coverage for automobiles in Ohio.
 {¶ 8} But, as noted earlier, the auto policy limited UIM coverage to only those autos that "are required to have and cannot reject Uninsured Motorists Coverage." This language effectively excluded all autos garaged in Ohio because Ohio law did allow rejection of UIM coverage. We have previously held that this policy language, which automatically excludes all Ohio automobiles from UIM coverage, contravenes public policy as expressed in R.C. 3937.18.[5]
 {¶ 9} In Oblinger, we explained that "[t]he legislature had enacted specific provisions designed to prevent an insured from unknowingly rejecting UM/UIM coverage. These protections * * * are eviscerated when the insurance contract itself in effect eliminates UM/UIM coverage from all vehicles without regard to the notification and rejection requirements of R.C. 3937.18 * * * [T]he automatic exclusion of all autos garaged in Ohio was an attempt to subvert the statutory scheme of mandatory offer and rejection [of UIM coverage]."[6] Accordingly, we held that Oblinger had been driving a "covered auto" at the time of his accident, even though it was licensed and principally garaged in Ohio.[7]
 {¶ 10} Relying on Oblinger, we hold in this case that the language in the auto policy defining a covered auto for purposes of UIM coverage contravened public policy. Accordingly, we further hold that Warmack was driving a "covered auto" at the time of his accident. Warmack's single assignment of error is sustained.
 {¶ 11} In sum, because Warmack was driving a "covered auto" and because he was in the course of his employment at the time of his accident, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this decision and the law.
Judgment reversed and cause remanded.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] (1999), 85 Ohio St.3d 660, 710 N.E.2d 116.
[2] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587,589, 1994-Ohio-130, 639 N.E.2d 1189.
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336, 671 N.E.2d 241.
[4] R.C. 3937.18(C).
[5] Oblinger v. State Auto Ins. Cos., 163 Ohio App.3d 266,2005-Ohio-4695, 837 N.E.2d 815, at ¶ 35.
[6] Id. at ¶ 36.
[7] Id. at ¶ 39.